HERBERT HAZARD *vs.* ROWLAND HAZARD.

WASHINGTON—FEBRUARY 29, 1904.

PRESENT: Stiness, C. J., Douglas and Dubois, JJ.

(1)   *Duty to Institute Criminal Proceeding Before Civil Action.*

In an action for money had and received, the testimony tended to show that plaintiff was induced to endorse a check by reason of the statement by defendant that it had been made to plaintiff's order by mistake. There was no testimony to show that this was not true. The bill of particulars stated the claim as one "for cash obtained by false pretenses and fraudulent repre-

sentations." Nonsuit was granted upon the ground that, as plaintiff claimed the endorsement had been procured in New York by false pretences, he could not maintain the action without first proceeding against the defendant in a criminal proceeding:—

*Held*, error, as the record showed no ground for a criminal proceeding; and even if it were a crime, it was not committed in this State.

ASSUMPSIT. Heard on petition of plaintiff for new trial, and petition granted.

PER CURIAM. A nonsuit was granted in this case upon the ground that, as the plaintiff claimed that his endorsement of a check payable to his order had been procured in New York by false pretences, he could not maintain an action for the proceeds of the check without first proceeding against the defendant in a criminal prosecution, under the statute of this State.

(1) The nonsuit was erroneous. The record shows no ground whatever for a criminal prosecution. The suit was for money had and received, by reason of an alleged statement by the defendant that the check had been made to the plaintiff's order by mistake. There is not a word of testimony to show that this was not true. The plaintiff testified that he did not know whether anything was due to him or not, from the executor who made the check.

The action in the worst aspect could only be for deceit, and even if it were for a crime, the crime was not committed in this State and could not be prosecuted here.

The plaintiff, very absurdly, stated the claim in his bill of particulars for "cash obtained by false pretences and fraudulent representations on check for $500, payable to the plaintiff;" but this could not make the transaction a crime in the absence of proof.

The check, as produced, with the plaintiff's testimony that it was transferred without consideration and that the defendant received the money on it, made a *prima facie* case without any suggestion of a crime.

Plaintiff's petition for a new trial granted.

*Albert B. Crafts*, for plaintiff.

*Frederic C. Olney*, for defendant.